UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTO DIONICIO MENDEZ (A# 241-935-584),<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | No. 1:26-cv-00749-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner was, at the time this case was filed, a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241 raising a Fifth Amendment due process challenge to his re-detention without a pre-deprivation hearing and continued detention by Immigration and Customs Enforcement ("ICE"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The district court ordered, by way of preliminary injunctive relief, Petitioner's release and that Petitioner not be redetained by immigration officials absent certain constitutional protections. ECF No. 10. More recently, the Court directed the parties "to submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved[.]" ECF No. 13. No party made a further filing. The Court considers the matter submitted on the parties' earlier briefing.

////

## II. Analysis

For the reasons indicated in the Court's minute order granting a temporary restraining order and preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to due process. See Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); D.L.C. v. Wofford, et al., 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026).

As Petitioner's requested relief has been granted, the undersigned recommends Respondents' motion to dismiss (ECF No. 9) be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only.
2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.
3. The preliminary injunctive relief previously granted be made permanent.
4. Respondents' motion to dismiss (ECF No. 9) be denied.
5. All other pending motions, if any, be denied as moot.
6. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE